IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELI ELOY ESCOBAR and § | | |
| LYDIA ESCOBAR, individually § | | |
| and as heirs of and representatives § | | |
| of the estate of ELI ELOY § | | |
| ESCOBAR JR. § | | |
| § | | |
| Plaintiffs, § | | CIVIL ACTION NO. 04-1945 |
| v. § | | |
| § | | |
| CITY OF HOUSTON and § | | |
| ARTHUR J. CARBONNEAU § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM AND OPINION**

This civil rights action arises from the shooting of fourteen year-old Eli Eloy Escobar by a City of Houston police officer. The plaintiffs, the estate and survivors, sued the police officer and the City of Houston under 42 U.S.C. § 1983. Although the plaintiffs stipulated to the dismissal of their claims against the police officer, leaving their federal and state-law claims against the City, the officer still faces the City's cross-claims.

The plaintiffs have moved for leave to file a second amended complaint. The City opposes the motion on the ground that it is too late. The City asserts that it is prejudiced by the lack of opportunity to conduct discovery on the newly asserted claims.

**I.     The Proposed Second Amended Complaint**

The proposed second amended complaint adds a damage category and specifies additional statutes as the basis for recovering attorneys' fees. The first amended complaint

sought pain and anguish suffered by the deceased as well as funeral expenses and loss of affection, solace, companionship, society, emotional support, and love in the past and in the future.  The proposed second amended complaint would add to the categories of damages sought the parents' past and future pecuniary losses from the minor's death, including "care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value."  The first amended complaint also sought attorneys' fees under 42 U.S.C. § 1988.  The proposed second amended complaint identifies the following additional statutory bases for seeking attorneys' fees:  42 U.S.C. § 12205; and Tex. Civ. Prac. & Rem. Code § 37.009.

## II.     The Legal Standard

Rule 15(a) provides that leave to amend be "freely given when justice so requires." FED. R. CIV. P. 15(a).  Rule 16(b) provides that scheduling orders "shall not be modified except upon a showing of good cause."  FED. R. CIV. P. 16(b).  Under Rule 16, a district court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including pleading amendments.  FED. R. CIV. P. 16(b)(1).  Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings will be fixed."  *See id.* (Committee Note to 1983 amendment).  Under Rule 16(b), a scheduling order may only be modified for "good cause."  Once a scheduling order deadline to amend a pleading has expired, the party seeking leave to amend is effectively asking the court for leave to amend both the scheduling order and the pleading.  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).  All circuit courts to consider the issue have held that the Rule 16(b) "good cause" standard,

rather than the "freely given" standard of Rule 15(a), governs a motion to amend the pleadings filed after the deadlines set in the scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000); *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330 (3d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154–55 (1st Cir. 1992); *Johnson*, 975 F.2d at 607–08; *SIL-FLO*, 917 F.2d at 1518; *see also Barnes v. Madison*, 79 Fed. App'x 691, 698 (5th Cir. 2003) (unpublished opinion). As the Eleventh Circuit has noted, "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419; *see also Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, [and] disrupt the agreed-upon course of the litigation."); *Riofrio Anda*, 959 F.2d at 1155 (permitting amendment using Rule 15(a)'s standards after scheduling order cutoff "would have nullified the purpose of Rule 16(b)(1)").

In determining good cause, courts generally consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W*

*Enters.*, 315 F.3d at 536). The good-cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S&W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). The Fifth Circuit recognizes that trial courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

If a movant establishes good cause to extend the pretrial scheduling order, or if there is no need to extend the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a). *See Johnson*, 975 F.2d at 608; *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *Am. Tourmaline Fields v. Int'l Paper Co.*, No. Civ. A. 3:96-cv-3363-D, 1998 WL 874825, at *2 (N.D. Tex. Dec. 7, 1998); *see also S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause *to modify the scheduling order* will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." (emphasis added)). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### III.   Discussion

The first change in the proposed second amended complaint adds claims under Texas

law for the parents of the deceased minor child to recover past and future loss of support. The first amended complaint already sought nonpecuniary damages on behalf of the parents and the estate. The plaintiffs filed the motion for leave to amend on the last date for filing pretrial motions and over one year after the deadline for amending the pleadings without the necessity of leave of court. The City asserts that it would be prejudiced if the amendment is allowed because it would require additional discovery, making it necessary to extend the discovery deadline.

A claim for the loss of services of a child is recognized under Texas law.[1] In a wrongful death case, pecuniary loss is defined as the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the wrongful death beneficiary, in reasonable probability, would have received from the decedent had he lived. A parent is entitled to recover the pecuniary value of services the child would have provided from the date of death until the date he would have reached majority, less the expense that would have been incurred for his maintenance and education during that period. A parent may also recover damages for the pecuniary benefit the parent had a reasonable expectation of receiving from the child after he reached majority. *See Moore v. Lillebo*, 722 S.W.2d 683, 687 (Tex. 1987).

---

[1] The City acknowledges that the plaintiffs pleaded both wrongful death and survivor claims in the first amended complaint. (Docket Entry No. 89 at 4). The Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code § 71.001, creates a statutory cause of action limited to actions filed on behalf of the surviving spouse, children, and parents of the decedent. *Id.* § 71.004. The Texas Survival Act, Tex. Civ. Prac. & Rem. Code § 71.021, prevents the death of the victim from abating the victim's common-law cause of action for damages. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992).

The original scheduling order set the discovery cutoff for December 16, 2005. It was extended on several occasions. The deadline for filing motions was also extended. The plaintiffs moved for leave to amend their pleadings on the last date for filing motions. The first issue is whether the scheduling order would have to be further extended to allow additional discovery if the pleadings amendment was allowed.

The City asserts that it would have to take additional discovery if the plaintiffs added a claim for pecuniary losses from the child's death. Texas courts do not require extensive evidence to support parents' recovery of damages for pecuniary losses resulting from a minor child's death. *See Gonzalez v. Hansen*, 505 S.W.2d 613, 615 (Tex. App.—San Antonio 1974, no writ) ("As far as loss of [the child's] services in the future is concerned . . . considering the age of the child, the absence of concrete evidence as to his probable earning prior to reaching majority or the value of services he might render during such period, would not bar recovery, since our courts have demonstrated a willingness, in such cases, to leave much to the discretion of the jury."); *see also* TEXAS PATTERN JURY CHARGES–GENERAL NEGLIGENCE & INTENTIONAL PERSONAL TORTS PJC 8.5 (2002 ed.) (submitting parents' loss of services of minor child as a jury question). Given the decedent's age, it is unclear what additional evidence the City would need discovery to obtain. The City has already deposed the parents. It appears that the City has obtained information as to the family's economic situation, the child's physical condition, and other factors bearing on future earning capacity. The plaintiffs have not designated an expert on pecuniary loss issues, and the City would not need additional time to designate a responsive expert.

6

Because no additional discovery would be required, the proposed amendment would not require extension of the scheduling order or other delay. The record does not show that the City would be prejudiced by the amendment or that an amendment of the scheduling order is necessary. The motion is resolved under Rule 15, rather than Rule 16. Under Rule 15(a), the court finds that the interests of justice will be served by allowing the amendment to add the pecuniary loss claim.

The City also objects to the addition in the proposed second amended complaint of two statutes cited as grounds for recovering attorneys' fees. The first is 42 U.S.C. § 12205. Because the plaintiffs have not alleged violations of the ADA, 42 U.S.C. § 12131 *et seq.*, the motion for leave to amend to assert this statute is denied as futile. Similarly, the plaintiffs' citation to Section 37.009 of the Texas Civil Practice and Remedies Code is unavailing. That statute allows for the award of attorney's fees in a declaratory judgment proceeding under state law, within the court's discretion. TEX. CIV. PRAC. & REM. CODE § 37.009. The plaintiffs have not sought declaratory relief in this suit. The motion for leave to amend to add a claim for attorneys' fees under the Texas Declaratory Judgment Act is also denied as futile.

## IV. Conclusion

The motion for leave to amend is granted as to the pecuniary losses claim and otherwise denied.

SIGNED on February 11, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge